1  BRADLEY E. SCHWAN, Bar No. 246457
   bschwan@littler.com
2  JANNINE E. KRANZ, Bar No. 272389
   jkranz@littler.com
3  LITTLER MENDELSON P.C.
   2049 Century Park East, 5th Floor
4  Los Angeles, California 90067.3107
   Telephone: 310.553.0308
5  Fax No.:   310.553.5583

6
   BRITTANY L. McCARTHY, Bar No. 285947
7  blmccarthy@littler.com
   LITTLER MENDELSON, P.C.
8  501 W. Broadway, Suite 900
   San Diego, CA 92101.3577
9  Telephone: 619.232.0441
   Fax No.:   619.232.4302
10

11 Attorneys for Defendant
   HOMEGOODS, INC.
12

13                    UNITED STATES DISTRICT COURT

14                   SOUTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| SARAHI CASAS, individually and on behalf of all similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>HOMEGOODS, INC., and DOES 1-20, inclusive,<br><br>Defendants. | Case No. '22CV1274 BEN AGS<br><br>[San Diego Superior Court Case No. 37-2022-00025084-CU-BT-CTL]<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Trial Date:     Not Set<br>Complaint Filed: June 27, 2022 |

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

1

TO THE CLERK OF THE ABOVE-ENTITLED COURT, TO PLAINTIFF SARAHI CASAS, AND TO PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant HomeGoods, Inc. ("HomeGoods" or "Defendant") hereby removes the state court action described herein, filed by Plaintiff Sarahi Casas ("Plaintiff") in the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. Defendant makes the following allegations in support of its Notice of Removal:

## I.   STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal

## II.   VENUE

2. Plaintiff originally brought this action in the Superior Court of the State of California, County of San Diego. Therefore, venue lies in the Southern District of California pursuant to 28 U.S.C. §§ 84(d), 1441(a), and 1446(a).

## III.   PLEADINGS, PROCESS, AND ORDERS

3. On June 27, 2022, Plaintiff filed a Complaint against Defendant and various Does in San Diego County Superior Court, captioned *Sarahi Casas, individually and on behalf of all similarly situated employees, Plaintiffs v. HomeGoods, Inc., and DOES 1-20, inclusive, Defendants*, designated Case No. 37-2022-00025084-

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

2

CU-BT-CTL (hereafter, "Complaint").  Declaration of Brittany McCarthy ("McCarthy Decl."), ¶ 2.

4.  The Complaint asserts the following causes of action: (1) Failure to Provide Rest and meal Breaks; (2) Failure to Provide Accurate Wage Statements; (3) Failure to Pay Compensation Due Upon Termination; and (4) Violation of Unfair Competition Law.  The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

5.  On July 28, 2022, Defendant HomeGoods, Inc. was served the Complaint, along with copies of the Summons, ADR Information, and Notice of Case Assignment and Civil Case Management Conference, through HomeGoods' registered agent for service of process, CT Corporation System.  Attached hereto as **Exhibit A** is a true and correct copy of the Complaint filed in the San Diego County Superior Court, Summons, and Proof of Service served through CT Corporation System. (McCarthy Decl., ¶ 2.)

6.  Attached hereto as **Exhibit B** are true and correct copies of the ADR Information, and Notice of Case Assignment also served by Plaintiff through C T Corporation System.  (McCarthy Decl., ¶ 3.)  Also included within Exhibit B are the remaining documents as reflected and downloaded from the San Diego County Superior Court website, including the Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, and Application and Order Correcting the Court Record. (McCarthy Decl., ¶ 3.)

7.  On August 26, 2022, Defendants filed an Answer in the San Diego County Superior Court and served a copy of that Answer on Plaintiff's counsel of record.  Attached hereto as **Exhibit C** is a true and correct copy of Defendant's Answer. (McCarthy Decl., ¶ 4.)

8.  To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the San Diego County Superior Court or served by any party other than as described above.  To Defendant's knowledge, no proceedings related hereto have been heard in San Diego County Superior Court.  (McCarthy Decl., ¶ 5.)

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

3

## IV. TIMELINESS OF REMOVAL

9. An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the initial pleading. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

10. Removal of this action is timely because this Notice of Removal has been filed within thirty days of July 28, 2022, when Defendant was served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b). Because Plaintiff personally served the Summons and Complaint upon Defendant's agent for service of process on July 28, 2022, the thirty-day period for removal runs through August 29, 2022. Fed. R. Civ. P. 6 (extending deadline that otherwise falls on a weekend to the next Monday). As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on Defendant or otherwise obtained by Defendant, and the Answer filed and served by Defendant on August 26, 2022. (*See* Exhibits A-C.)

## V. CAFA JURISDICTION

11. CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where there are at least 100 putative class members, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is properly removed by the filing of this Notice of Removal.

### A. This is a Class Action.

12. Plaintiff filed this action as a class action. (Complaint, ¶¶ 1, 13-22.)

///

///

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

4

### B. The Proposed Class Contains At Least 100 Members.

13. The provisions of CAFA apply to proposed class actions involving 100 individuals or more. 28 U.S.C. § 1332(d)(5)(B). This requirement is met in this case.

14. Plaintiff seeks to represent a putative class consisting of "herself and all other persons in the State of California who were employed by Defendant." (Complaint, ¶ 13.)

15. As it relates to the putative class, Defendant employed in excess of 100 employees in the State of California as hourly, non-exempt employees from June 27, 2018 to the filing of this removal. During the relevant time period, HomeGoods employed more than 10,000 individuals. (Declaration of W. Alex Koch in Support of Notice of Removal to Federal Court ["Koch Decl."], ¶ 6.) Thus, CAFA's requirement that the action involve 100 or more individuals is easily satisfied. In addition, as of the date this removal, HomeGoods operates a total of 82 retail stores in California, and at each such store HomeGoods employs multiple non-exempt employees. (Koch Decl., ¶ 5-6.) Thus, CAFA's requirement that the action involve 100 or more individuals is satisfied.

### C. Defendant Is Not A State, State Official, Or Governmental Entity.

16. CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(B).

17. Defendant is a corporation, and not a state, state official, or other governmental entity exempt from CAFA.

### D. There Is Diversity Between At Least One Putative Class Member And One Defendant.

18. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the unnamed

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

5

1  putative class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendants are citizens of different states.

19. <u>Plaintiff is a Citizen of California</u>. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Overholt v. Airista Flow Inc.*, No. 17cv1337-MMA (AGS), 2018 WL 355231, at *4 (S.D. Cal. Jan. 10, 2018) (citations omitted).

20. Here, at the time Plaintiff commenced this action and, upon information and belief, at the time of removal, Plaintiff resided in and was a citizen of the State of California. (Complaint, ¶ 3 ["Plaintiff is, and at all times mentioned herein was, an individual residing in San Diego County."].) Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of the State of California.

21. <u>Defendant is a Citizen of Delaware and Massachusetts</u>. For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

6

place the corporation's 'nerve center.' We believe that the 'never center' will typically be found at the corporation's headquarters." *Id.* at 80-81; *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

22. HomeGoods was, at the time of the filing of this action, and still is, a corporation organized under the laws of the State of Delaware with its principal place of business of Framingham, Massachusetts. Accordingly, HomeGoods is a citizen of Delaware and Massachusetts.

23. The Complaint also names as defendants "DOES 1 through 20, inclusive." The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. § 144l(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal.").

24. No other party has been named or served as of the date of this removal. Because the Defendant is not a citizen of the State of California, there is complete diversity among the parties.

25. Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendant (Massachusetts), and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

### E. The Amount In Controversy Exceeds $5,000,000.

26. The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), the Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

7

in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 554. "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 553.

27.　For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that plaintiff will prevail on her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.")). The ultimate inquiry is the amount that is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

28.　Defendant denies the validity and merit of the entirety of Plaintiff's claims, the legal theories upon which they are ostensibly based, and the claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the allegations of Plaintiff's Complaint establish that the amount in controversy exceeds CAFA's jurisdictional minimum of $5,000,000.

29.　When, as here, a Plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. Defendant's notice of removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

8

### 1. Meal and Rest Break Claim

30. Defendants are entitled to base calculations, for purposes of calculating the amount in controversy, on the argument and allegations by Plaintiff in the First Cause of Action for Failure to Provide Meal and Rest Breaks. Plaintiff makes various allegations including:

   a. "Upon entering Defendant's premises for their shifts, Plaintiff and other employees were told that they would not be allowed to exit the premises until their shifts ended."

   b. "Plaintiff and other employees were told that when the time came for their rest and meal breaks, they were required to remain inside the store during any and all such breaks." (Complaint, ¶ 10.)

   c. "This policy is in effect in Defendant's stores throughout California." (Complaint, ¶ 12.)

   d. "Defendant violated Labor Code section 226.7(c) and IWC Wage Order 4-2001 when it failed to provide Plaintiff and the Class with compliant rest periods…." (Complaint, ¶ 26.)

31. Thus, Plaintiff asserts that Defendant owes her and each putative class member a premium equal to one (1) hour of wages at the regular rate of pay per missed meal and rest period. (Complaint, ¶ 27.).

32. For purposes of establishing the amount in controversy at removal, Defendant need not make Plaintiff's case for them, or prove the amount in controversy to a certainty. Rather, Defendant can rely on "reasonable assumptions" and a "chain of reasoning that includes assumptions" based on reasonable grounds to calculate the amount in controversy. *Anderson v. Starbucks Corp.*, 2020 WL 7779015, *8 (N.D. Cal. Dec. 31, 2020).

33. California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday a meal period was not provided. Cal. Lab. Code § 226.7. The statutory period for recovery for a Labor Code

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

9

1  section 226.7 claim pursued with a Business & Professions Code claim is four years. *See* Cal. Civ. Proc. Code § 338(a) (setting out a three-year limitations period); Cal. Bus. & Prof. Code § 17208 (explaining the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

34. Plaintiff's Complaint was filed on June 27, 2022. Applying a four year statute of limitations the statutory period begins June 27, 2018. Between June 27, 2018 and the date of removal, August 29, 2022 there are 217 weeks (52 weeks/year * 4 =208 + 9 weeks June – August). Accordingly, there are at least 217 workweeks within the statute of limitations.

35. Defendant "may make mathematical calculations using reasonable averages of, for example, hourly, monthly, and annual incomes of comparable employees when assessing the amount-in-controversy." *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 WL 2468344, at *2 (C.D. Cal. May 30, 2014) (citing *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148-49 (C.D. Cal. 2010)).

36. Plaintiff's Complaint alleges that putative Class did not receive compliant meal and rest periods due to a policy applicable to overnight shifts that violated California laws for every shift at every store. Defendant denies these claims, however, these allegations supports a assumption of four (4) meal period violations and four (4) rest period violations for a total of eight (8) per workweek. *See* Complaint ¶¶ 8-12, 23-28; *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (when a defendant's calculations are "relatively conservative, made in good faith, and based on evidence whenever possible," the court should find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000."); *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (finding that a 50% violation rate for meal and rest period violations was reasonable despite allegations that employees only "sometimes" were denied meal or rest periods); *Sadler v. Ensignal, Inc.*, No. 1:17-cv-00312-AWI-SAB,

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

10

2017 WL 2333528, at *5 (E.D. Cal. May 26, 2017) (where case removed on diversity grounds, accepting defendant's assumption that violation occurred once per day where plaintiff alleged "that he systematically worked for a period of more than five hours in a workday without being provided a mandatory, duty-free lunch").

37. Using a conservative estimates of 5 employees who work overnight shifts at least 4 nights a week at each of 82 stores, there are 410 (5*82) employees owed 8 hours of premium pay (4 meal and 4 rest). Using the minimum wage applicable in 2018 of $11.00/hour for the entirety of the time period, this works out to $36,080 in premiums for each week (410 employees * 8 hours of premium pay = $36,080 per week). Thus, for the statutory period, **the amount in controversy is $7,829,360** ($36,080 per week * 217 workweeks = $7,829,360).

### 2. Wage Statement

38. In her Second Cause of Action, Plaintiff alleges "Defendant did not report any of the missed rest and meal breaks on the wage statements it provided to Plaintiff and the Class." (Complaint ¶ 32.)

39. Labor Code section 226(e) provides for a statutory penalty for violations of Labor Code section 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. Cal. Lab. Code § 226(a). The statutory period for Labor Code section 226(e) penalties is one year. Cal. Code Civ. Proc. § 340.

40. Defendant denies the validity and merit of Plaintiff's wage statement claim. For purposes of removal only, and using a conservative estimate that Defendant has employed *at least* 410 non-exempt employees each week since June 2021 and that employees are paid weekly, there are approximately 61 weeks in the relevant period, as such each employee's wage statement damages would total $6,050 ([$50 * 1] + [$100 * 60]). The total amount in controversy for Plaintiff's wage statement penalty claim is

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

11

at least **$2,480,500** (410 employees * $6,050 average penalty per employee = $2,480,500).

### F.  Waiting Time Penalties

41. In her Third Cause of Action, Plaintiff alleges that "Defendant failed to timely pay Plaintiff and the Class all wages that were due upon conclusion of employment; specifically, Defendant failed to timely pay Plaintiff and the Class the premium pay that was due for Defendant's failure to provide compliant rest and meal breaks" and "are therefore entitle to recover waiting time penalties pursuant to Labor Code section 203." (Complaint, ¶¶ 40-41.)

42. Labor Code section 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days. The statute of limitations on a claim for waiting time penalties is three years. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395 (2010) ("[N]o one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages.")

43. Using conservative estimate of 50 employees who have concluded their employment in the statutory period and assuming they typically work eight-hour shifts at least 4 days a week,  Defendant estimates that this claim is worth at least $132,000 (50 employees *8 hours/day * $11.00/hours *30 days=$132,000).

### G.  Attorneys' Fees

44. Finally, Plaintiff seeks attorneys' fees and costs in her Complaint. (Complaint ¶¶ 28, 34, 44, Prayer for Relief ¶ 10.) Thus, the Court must consider attorneys' fees in determining whether the amount in controversy is met as it is well-settled that claims for statutory attorneys' fees are to be included in the amount in

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446    12

controversy. *See*, *e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S.Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

45.  In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.")

46.  The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.")

47.  Based on the above, the amount in controversy for Plaintiff's claims for meal and rest break premiums, wage statement penalties, and waiting time penalties is conservatively **$10,441,860**. This subtotal well exceeds $5,000,000 absent any inclusion of attorneys' fees. However, taking into account attorneys' fees at the

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201-2931
214.880.8100

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

13

benchmark percentage of 25 percent further increases the amount in controversy by $2,610,465. for a total amount in controversy of $13,052,325.

## VI. SUMMARY AND CONCLUSION

48. As explained above, removal of this action is proper, as the aggregate value of Plaintiff's causes of action for meal and rest break premiums, wage statement penalties, failure to pay wages at time of termination, and attorneys' fees are well in excess of the CAFA jurisdictional requirement of $5 million using reasonable averages and using the lowest 2018 California minimum wage of $11.00/hr. *See* 28 U.S.C. § 1332(d)(2).

|    | Plaintiff's Alleged Claim     | Amount in Controversy |
|----|-------------------------------|-----------------------|
| 1. | Meal and Rest Period Premiums | $7,829,360            |
| 2. | Wage Statements               | $2,480,500            |
| 3. | Waiting Time                  | $132,000              |
| 4. | Unfair Competition            | Not Calculated        |
| 5. | Attorneys' Fees               | $2,610,465            |
|    | **Total Amount in Controversy** | **$13,052,325**     |

49. Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA.

50. Following the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Daniel S. Levinson, Esq. and Justin R. Stockton, of Levinson Stockton LLP, and a copy of the Notice of Removal will be filed with the Clerk of the San Diego County Superior Court in accordance with 28 U.S.C. § 1446(d). (McCarthy Decl., ¶ 6.)

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

14

Dated: August 29, 2022

LITTLER MENDELSON, P.C.

*/s/ Brittany McCarthy*
Bradley E. Schwan
Jannine E. Kranz
Brittany McCarthy

Attorneys for Defendant
HOMEGOODS, INC.

4873-4077-4960.1 / 053070-1359

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446    15