BRADLEY E. SCHWAN, Bar No. 246457
bschwan@littler.com
JANNINE E. KRANZ, Bar No. 272389
jkranz@littler.com
LITTLER MENDELSON P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone:    310.553.0308
Fax No.:      310.553.5583

BRITTANY L. McCARTHY, Bar No. 285947
blmccarthy@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone:    619.232.0441
Fax No.:      619.232.4302

Attorneys for Defendant
HOMEGOODS, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

'22CV1274 BEN AGS

| | |
|---|---|
| SARAHI CASAS, individually and on behalf of all similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>HOMEGOODS, INC., and DOES 1-20, inclusive,<br><br>Defendant. | Case No. 37-2022-00025084-CU-BT-CTL<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE JAMES A. MANGIONE<br><br>**DEFENDANT HOMEGOODS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br><br>Trial Date:    Not Set<br>Complaint Filed:   June 27, 2022 |

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

1

HOMEGOODS, INC. ("Defendant") hereby answers the Complaint ("Complaint") filed by Plaintiff SARAHI CASAS ("Plaintiff"), as follows: Defendant

## GENERAL DENIAL

Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint. In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant. Defendant further asserts the following separate and distinct defenses:

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and affirmative and other defenses Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      As a separate and distinct affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendant alleges that the Complaint and each purported Cause of Action therein, fails in whole or in part to state facts sufficient to constitute a claim against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Contractual Obligation to Arbitrate)

2.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each cause of action contained therein, is barred on the grounds there exists a written agreement, entered into under the provisions of the Federal Arbitration Act, 8 U.S.C. §§ 1 *et seq.*, between numerous putative class members and Defendant, to submit any and all employment-related claims, including claims at issue in this case, to final and binding arbitration. Each and every cause of action alleged in the Complaint is thus subject to final and binding arbitration in accordance with the terms of said written agreement, which included a valid class action waiver provision. *See AT&T*

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

*Mobility, LLC v. Concepcion*, 563 U.S. 333 (2011).  The Arbitration Agreement "applies to any dispute, past, present or future, arising out of or related to Associate's employment with The TJX Companies, Inc. or one of its affiliates, successors, subsidiaries or parent companies … regardless of its date of accrual and survives after the employment relationship terminates."  The Agreement further specifies that it "applies, without limitation, to any claims under federal, state, local or other applicable law based upon or related to… wages or other compensation, breaks and rest periods, termination, tort claims, equitable claims, and all other statutory or common law claims unless explicitly excluded below."  Defendant do not waive their rights to enforce the signed arbitration agreements of Plaintiffs and/or any and all of the putative class members.

### THIRD AFFIRMATIVE DEFENSE

### (Federal Arbitration Act)

3.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action therein is barred and subject to arbitration pursuant to the Federal Arbitration Act, 8 U.S.C. §§ 1, *et seq*. because many of the individuals Plaintiff seeks to represent are subject to an enforceable and binding arbitration agreement encompassing all of the causes of action alleged in the Complaint.  This Court thus lacks subject matter jurisdiction over this action as all of Plaintiff's purported causes of action are subject to a valid arbitration agreement pursuant to which binding arbitration is the sole and exclusive method to resolve any and all disputes arising out of Plaintiff's and putative class members' employment with Defendant.    Defendant do not waive their rights to enforce the signed arbitration agreements of Plaintiff and/or any of the putative class members.

### FOURTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

4.      As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

///

///

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

3
DEFENDANT HOMEGOODS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

24

**FIFTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

5.     As a separate and distinct affirmative defense, Defendant is informed and believe that a reasonable opportunity for investigation and discovery will reveal and, on that basis allege, that Plaintiff's Complaint and each cause of action alleged therein, or some of them, cannot be maintained against them insofar as they are barred, in whole or in part, by the applicable statutes of limitation, including, but not limited to, California Labor Code section 203, California Code of Civil Procedure sections 337, 338, 339, 340 and 343, California Business and Professions Code section 17208, and California Labor Code section 2699.3.

**SIXTH AFFIRMATIVE DEFENSE**

**(Equitable Doctrines – Estoppel, Waiver, Consent, and Laches)**

6.     As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred in whole or in part by the equitable doctrines of waiver, estoppel, consent, and laches.  Among other things, Defendant is entitled to rely upon attestations made by Plaintiff and/or the putative class members at the conclusion of their shifts and on a weekly basis that they had accurately recorded all hours worked and that they were provided the appropriate breaks and meal periods; and to rely upon their failure to raise concerns during employment at the time when the alleged failure to compensate or related issues could have been resolved.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

7.     As a separate and distinct affirmative defense, Defendant alleges that, even assuming, arguendo that Defendant failed to comply with any provision of the Labor Code, which Defendant deny, Defendant substantially complied with the Labor Code (including but not limited to payment of premiums associated with meal and rest breaks), thus rendering an award of civil penalties inappropriate under the circumstances.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

4

**EIGHTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

8.　　As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or any putative class member has received, or will receive, compensation for any outstanding wages, penalties, or damages purportedly due. This specifically includes Plaintiff's and/or or any putative class member employee's receipt of settlement funds or payment of premiums associated with meal and rest breaks).

**NINTH AFFIRMATIVE DEFENSE**

**(No Damage or Harm)**

9.　　As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred, in whole or in part, because neither Plaintiff nor any putative class member has suffered any cognizable damage or other harm as a result of any act or omission of Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(No Causation)**

10.　　As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred, in whole or in part, because the alleged losses or harms sustained by Plaintiff and the putative class members, if any, resulted from causes other than any act or omission of Defendant, or from the acts or omissions of Plaintiff or the putative class members.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Outside Scope of Authority)**

11.　　As a separate and affirmative defense to the Complaint and each purported cause of

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

5

DEFENDANT HOMEGOODS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

action therein, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims are barred, in whole or in part, because any unlawful or other wrongful acts of any person(s) employed by Defendant were outside of the scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know or have reason to be aware of such alleged conduct.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Claims Discharged)

12.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action set forth therein, or some of them, is barred because all or a portion of the wages, premium pay, interest, attorneys' fees, penalties and/or other relief sought by Plaintiff on his own behalf and/or on behalf of the putative class members were, or will be before the conclusion of this action, paid or collected, and therefore, Plaintiff's claims and/or the claims of the putative class members have been partially or completely discharged.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

13.    As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that evidence acquired subsequent to the filing of Plaintiff's Complaint bars and/or limits the amount of damages Plaintiff can recover, assuming *arguendo*, Defendant is found liable for any asserted claim.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences)

14.    As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and on that basis allege, that Plaintiff's claims for damages on behalf of herself and/or putative class members are barred by the doctrine of avoidable consequences because, among other things: (a) Defendant maintained adequate and appropriate policies including open door policies with complaint procedures; (b) Defendant

DEFENDANT HOMEGOODS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

1  exercised reasonable care to prevent and correct promptly any unlawful behavior; and (c) Plaintiff,

2  and/or putative class members unreasonably failed to take advantage of any preventative or corrective

3  opportunities provided by Defendant or to otherwise avoid harm.  Consequently, Plaintiff's claims for

4  damages are barred by the doctrine of avoidable consequences.

5  ### FIFTEENTH AFFIRMATIVE DEFENSE

6  ### (Class Action Cannot Be Maintained)

7      15.    As a separate and affirmative defense to the Complaint and each purported cause of

8  action therein, Defendant alleges that this suit may not be properly maintained as a class action

9  because: (a) Plaintiff has failed to plead and cannot establish the necessary procedural elements for

10  class treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication

11  of the claims described in the Complaint; (c) common issues of fact or law do not predominate; to the

12  contrary, individual issues predominate; (d) the named Plaintiff's claims are not representative or

13  typical of the claims of the putative class; (e) the named Plaintiff cannot fairly and adequately represent

14  the interests of the putative class members; (f) the named Plaintiff and alleged putative class counsel

15  are not adequate representatives for the putative class members; and/or (g) there is not a well-defined

16  community of interest in the questions of law or fact affecting Plaintiff and the putative class members.

17  ### SIXTEENTH AFFIRMATIVE DEFENSE

18  ### (Class Action – Adequacy and Standing)

19      16.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and

20  each cause of action set forth therein, or some of them, are barred because Plaintiff is not an adequate

21  and proper representative of the putative class she purports to represent, and she lacks standing to

22  pursue claims against Defendant.

23  ### SEVENTEENTH AFFIRMATIVE DEFENSE

24  ### (Class Action – Lack of Manageability)

25      17.    As a separate and distinct affirmative defense, Defendant is informed and believes that

26  a reasonable opportunity for investigation and discovery will reveal and on that basis alleges, that the

27  Complaint, and each cause of action therein, cannot proceed as a purported class action because of

28

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1  difficulties that render the action unmanageable.

2  **EIGHTEENTH AFFIRMATIVE DEFENSE**

3  **(Class Action - Denies Defendant' Due Process Rights)**

4  18.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

5  Complaint and each purported cause of action therein is barred because the certification of a class, as

6  applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process

7  rights, both substantive (see *Timbs v. Indiana*, 203 L. Ed. 2d 11, 18-19, (2019)) and procedural, and to

8  a trial by jury, both substantively and procedurally in violation of the Due Process and Equal Protection

9  clauses of the Fourteenth Amendment of the United States Constitution and the Due Process and Equal

10  Protection clauses of Article I, Section 7 of the California Constitution.  Specifically, this court may

11  not award penalties based upon claims by strangers to the litigation.  *Philip Morris USA v. Williams,*

12  549 U.S. 346, 353 (2007).

13  **NINETEENTH AFFIRMATIVE DEFENSE**

14  **(Wage Orders – Violation of Due Process)**

15  19.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

16  Complaint and/or causes of action therein are barred because the applicable wage orders of the

17  Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant'

18  rights under the United States Constitution and the California Constitution as to, among other things,

19  due process of law.

20  **TWENTIETH AFFIRMATIVE DEFENSE**

21  **(No Injury)**

22  20.    As a separate and distinct affirmative defense, Defendant is informed and believe that a

23  reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that

24  Plaintiff's Complaint and each Cause of Action alleged therein, or some of them, are barred because

25  Plaintiff and the alleged putative class Plaintiff seeks to represent have not suffered any injury from

26  any alleged act or failure by Defendant.

27  ///

28

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Good Faith Defense Barring Waiting Time Penalties)**

21.    As a separate and distinct defense, Defendant contends that there is a good faith dispute and defense to Plaintiff's claims, and each of them, which bars the imposition of Labor Code waiting time penalties under *Amaral v. Cintas Corp. No. 2,* 163 Cal. App. 4th 1157 (2008).

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Good Faith Dispute)**

22.    As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis Defendant alleges, that any violation of the California Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith and Defendant had reasonable grounds for believing that their practices complied with applicable laws and that any such act or omission was not a violation of the California Labor Code or any Order of the Industrial Welfare Commission such that Plaintiff, and the alleged putative class Plaintiff seeks to represent, are not entitled to any penalties.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(*Bona Fide* Dispute)**

23.    As a separate and distinct affirmative defense, Defendant alleges that the penalties in Plaintiff's Complaint, including but not limited to those under Cal. Lab. Code § 203, are barred, in whole or in part, because, among other things, (1) there are bona fide disputes as to whether further compensation is due to Plaintiff and some or all of the allegedly putative class members on whose behalf she seeks to collect wages and/or civil penalties, and, if so, as to the amount of such further compensation, (2) Defendant have not willfully failed to pay such additional compensation, if any is owed, and (3) to impose penalties would be inequitable and unjust.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Labor Code § 203 – No Penalties After Filing Of Complaint)**

24.    As a separate and distinct affirmative defense,  Defendant alleges Plaintiff is barred from seeking any civil penalties pursuant to Labor Code § 203 for any violation occurring after the filing of

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

9

the Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Labor Code § 203 - Not Willful)

25.    As a separate and affirmative defense, Defendant alleges that any claim for penalties pursuant to Labor Code § 203 is barred, in whole or in part, because even if Plaintiff or any putative class member is entitled to any wages, which Defendant denies, Defendant has not willfully or intentionally failed to pay any such wages to Plaintiff or any putative class member to justify an award of penalties or fees, whether under California Labor Code section 203 or otherwise.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Policy of Authorizing And Providing Breaks)

26.    As a separate and distinct affirmative defense, Defendant alleges that that the Complaint cannot be maintained against Defendant because Defendant had a policy of authorizing and providing meal and rest periods as required by the Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California law

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Take Breaks Provided)

27.    As a separate and distinct affirmative defense, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff, and the alleged putative class members that Plaintiff seeks to represent have no right to a premium payment under California Labor Code section 226.7 because, to the extent, if any, that any person did not take meal or rest breaks, it was because s/he: (1) failed to take meal or rest breaks that were provided to her/him in compliance with California law; (2) chose not to take meal or rest breaks that were authorized and permitted; or (3) waived her/his right to meal breaks under California Labor Code section 512(a).

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Knowledge or Permission)

28.    As a separate and affirmative defense, Defendant alleges that to the extent Plaintiff, the

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

10

DEFENDANT HOMEGOODS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

31

alleged putative class members, did not take meal and/or rest breaks, they did so without permission or knowledge of Defendant.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

29.    The complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of unjust enrichment.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Waiting Time Penalties – Absent, Refused or Avoided Payment)

30.    As a separate and distinct affirmative defense, Defendant is informed and believes that further discovery may disclose information supporting such affirmative defense, that Plaintiff's claims for waiting time penalties are barred because Plaintiff and/or some, or all, of the putative class members that Plaintiff seeks to represent, secreted or absented himself to avoid payment of wages, or refused payment fully tendered by Defendant, thereby relieving Defendant of liability for waiting time penalties under the Labor Code, including but not limited to Labor Code section 203.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Lawful Business Reasons)

31.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members employees Plaintiff seeks to represent were treated fairly and in good faith, and that all actions taken concerning them were done for lawful business reasons and with good intent.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Conduct By Others)

32.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint cannot be maintained against Defendant because any alleged losses or harms sustained by Plaintiff and the putative class members Plaintiff seeks to represent, if any, which Defendant deny, resulted from causes other than any act or omission, if any, by Defendant.  Such parties acted without the knowledge, participation, approval or ratification of Defendant, and Defendant had no duty to control the actions of such third party or third parties.  This defense is being asserted as a matter of right.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

DEFENDANT HOMEGOODS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Bus. & Prof. Code Section 17200 – Unconstitutionally Vague and Overbroad)

33.    As a separate and distinct affirmative defense, Defendant alleges that the prosecution of a representative action on behalf of the general public under California Business and Professions Code section 17200, et seq., is unconstitutionally vague and overbroad and, as applied to the facts and circumstances of this case, would constitute a denial of Defendant' due process rights, both substantive and procedural, and right to equal protection in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution, in that it would prevent Defendant from raising individual defenses against each putative class member. Indeed, the violation is both procedural, by imposing a procedure that would render it impossible for Defendant to defend their interests and property, and substantive, by imposing remedies constitutionally disproportionate to the wrongs committed. *See People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Bus. & Prof. Code Section 17200 – Compliance With Obligations)

34.    As a separate and affirmative defense, Defendant alleges that Plaintiff's claims and claims of putative class members Plaintiff seeks to represent,  are barred, in whole or in part, because of Defendant' compliance with all applicable laws, statutes and regulations, said compliance affording Defendant a safe harbor to any claim under California Business and Professions Code section 17200, *et seq.*

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Bus. & Prof. Code Section 17200 –Equitable Relief Unavailable)

35.    As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims and claims of the putative class members that Plaintiff seeks to represent, are barred, in whole or in part, because Plaintiff is not entitled to equitable relief as she has an adequate remedy at law.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

12

DEFENDANT HOMEGOODS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

33

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Offset/Set-Off)

36.    As a separate and affirmative defense to the Complaint and each purported cause of action therein, Defendant alleges, based upon the belief that further investigation and discovery will reveal facts supporting such defense, that Plaintiff's claims and claims of the putative class members Plaintiff seeks to represent are barred, in whole or in part, because they are subject to the doctrines of set-off, offset and/or recoupment in favor of Defendant.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Prejudgment Interest)

37.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each cause of action set forth therein, or some of them, fails to state a claim upon which prejudgment interest may be granted because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Remedies)

38.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each cause of action set forth therein is barred, in whole or in part, by Plaintiff's failure and the failure of putative class members Plaintiff seeks to represent, to exhaust appropriate internal remedies, including but not limited to raising any issues with management in response to that attestation language, in which Plaintiff and/or the putative class members verified that their hours were accurately recorded and that they were provided all appropriate meal and/or rest breaks.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

39.    As a separate and affirmative defense to the Complaint, and each purported cause of action therein, Defendant alleges that Plaintiff's Complaint and each purported cause of action therein is barred to the extent that Plaintiff has failed to properly exhaust all of the contractual, administrative and/or statutorily required remedies prior to filing suit.

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100

13

DEFENDANT HOMEGOODS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## FORTIETH AFFIRMATIVE DEFENSE

### (Duplicative Penalties – Violation of Due Process)

40.    As a separate and distinct affirmative defense, Defendant alleges that that the imposition of replicating individual penalties would deprive Defendant of their constitutional rights to due process under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California. *See State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003); *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 37 Cal. 4th 707 (2005).

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Excessive Fines)

41.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint is barred because an award of penalties would result in the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

42.    As a separate and distinct affirmative defense, Defendant is informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff and/or the putative class members failed to exercise reasonable care to mitigate damages, if any were suffered.  By failing to report any allegations of non-compliant wage statements, and/or noncompliant meal/rest breaks, lack of premium pay, Plaintiff and/or the putative class members failed to mitigate their damages, and if the Court determines that Plaintiff and/or the putative class members have the right to any recovery against Defendant, the Court should reduce and/or eliminate the recovery by such failure.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Breach of Duties)

43.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred, in whole or in part, because Plaintiff and/or the putative class members she seeks to represent

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

breached their duties owed to Defendant under California Labor Code section 2856.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Labor Code Section 226 - No Willfulness)

44.    As a separate and distinct affirmative defense, Plaintiff's cause of action, including on behalf of the putative class members she seeks to represent, for the alleged failure to provide accurate itemized wage statements is barred, in whole or in part, because any alleged failure by Defendant to provide wage statements in conformity with California Labor Code section 226 was not willful.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Labor Code Section 226 – No "Knowing and Intentional Failure")

45.    As a separate and distinct affirmative defense, Plaintiff's cause of action, including on behalf of the putative class members that she seeks to represent,  for the alleged failure to provide accurate itemized wage statements is barred because even assuming *arguendo*, that Plaintiff or any other employees were not provided with proper itemized statements of wages, Defendant' alleged failure to comply with California Labor Code Section 226 was not "knowing and intentional" under California law.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties for Alleged Meal or Rest Break Violations)

46.    As a separate and distinct affirmative defense, Defendant alleges that alleged meal and rest break violations pursuant to Labor Code section 226.7 cannot as a matter of law support a claim for waiting time penalties under Labor Code section 203.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment from this Court as follows:

1.    That Plaintiff take nothing by this action;

2.    That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Defendant on each of Plaintiff's causes of action;

3.    That Plaintiff be ordered to pay Defendant's costs and attorneys' fees, including, but not limited to, costs and attorneys' fees provided under California Labor Code section 218.5; and

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201-2931
214.880.8100

15

DEFENDANT HOMEGOODS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

36

1    4.    Such other and further relief as the Court deems appropriate and proper.

2

3    Dated:  August 26, 2022

LITTLER MENDELSON, P.C.

4

5    *brittany mccarthy*

6    Bradley E. Schwan
     Jannine E. Kranz
7    Brittany L. McCarthy

8    Attorneys for Defendant
     HOMEGOODS, INC.

9

10   4873-2607-4926.2 / 053070-1359

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100

16

DEFENDANT HOMEGOODS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *OR COURT USE ONLY* |
|---|---|
| Bradley E. Schwan, SBN 246457; Brittany L. McCarthy, SBN 285947<br>LITTLER MENDELSON, P.C.<br>501 W. Broadway, Suite 900<br>San Diego, CA 92101-3577<br><br>TELEPHONE NO.: (619) 232-0441    FAX NO. *(Optional):* (619) 232-4302<br>E-MAIL ADDRESS *(Optional):* bschwan@littler.com; bmccarthy@littler.com<br>ATTORNEY FOR *(Name):* Defendant HOMEGOODS, INC. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: SARAHI CASAS

DEFENDANT/RESPONDENT: HOMEGOODS, INC.

| PROOF OF SERVICE—CIVIL | CASE NUMBER: |
|---|---|
| | 37-2022-00025084-CU-BT-CTL |
| | JUDGE: Hon. James A. Mangione |
| | DEPT.: C-75 |

**PROOF OF SERVICE—CIVIL**

**Check method of service** *(only one):*

- ☐ By Personal Service
- ☒ By Mail
- ☐ By Overnight Delivery
- ☐ By Messenger Service
- ☐ By Fax
- ☐ By Electronic Service

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   501 W. Broadway, Suite 900, San Diego, CA 92101-3577.

3. ☐ The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* August 26, 2022        I served the following **documents** *(specify):*

## DEFENDANT HOMEGOODS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served:
   b. ☒ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
   Business or residential address where person was served:
   ## SEE POS-040(P) ATTACHED

   c. ☐ *(Complete if service was by fax or electronic service.)*
   (1) Fax number or electronic service address where person was served:

   dan@levinsonstockonllp.com; justin@levinsonstockonllp.com

   (2) Time of service:

   ☒ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

**Page 1 of 4**

Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure., §§ 1010.6, 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rules 2.260, 2.306<br>*www.courts.ca.gov*



American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME | CASE NUMBER: |
|-----------|--------------|
| CASAS v. HOMEGOODS, INC. | 37-2022-00025084-CU-BT-CTL |

6. b. ☒    **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the
addresses in item 5 and *(specify one):*

    (1) ☐    deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒    placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar
with this business's practice for collecting and processing correspondence for mailing. On the same day that
correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the
United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at
*(city and state):*  **SAN DIEGO, CA**

c. ☐    **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery
carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection
and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐    **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons
at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by
the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐    **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents
to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the
record of the fax transmission, which I printed out, is attached.

f. ☒    **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the
documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 26, 2022

Orin Turner
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

☐    **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at
the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's
office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served,
with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2)
For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not
younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

Page 2 of 4

POS-040 [Rev. July 1, 2011]                        **PROOF OF SERVICE—CIVIL**

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(D)

| SHORT TITLE: CASAS v. HOMEGOODS, INC. | CASE NUMBER: 37-2022-00025084-CU-BT-CTL |
|---|---|

**ATTACHMENT TO PROOF OF SERVICE— CIVIL (DOCUMENTS SERVED)**
*(This Attachment is for use with form POS-040)*

The documents that were served are as follows *(describe each document specifically):*

**DEFENDANT HOMEGOODS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Form Approved for Optional Use
Judicial Council of California
POS-040(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (DOCUMENTS SERVED**
(Proof of Service)

Page 3 of 4



POS-040(P)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| CASAS v. HOMEGOODS, INC. | 37-2022-00025084-CU-BT-CTL |

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)

*(This attachment is for use with form POS-040.)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| <u>Name of Person Served</u> | <u>Where Served</u> | <u>Time of Service</u> |
|---|---|---|
| *(If the person served is an attorney, the party or parties represented should also be stated.)* | *(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic service address, as applicable.)* | *(Complete for service by fax transmission or electronic service.)* |
| Daniel S. Levinson, Esq.<br>Justin R. Stockton, Esq.<br><br><u>Attorneys for Plaintiff</u><br>SARAHI CASAS | LEVINSON STOCKTON LLP<br>990 Highland Dr., Ste. 206<br>Solana Beach, CA 92075<br>Telephone:    (858) 792-1100<br>Email:   dan@levinsonstocktonllp.com<br>          justin@levinsonstocktonllp.com | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |

Form Approved for Optional Use
 Judicial Council of California
POS-040(P) [Rev. July 1, 2011]

4855-3703-3008.1 / 053070-1359

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)**

**(Proof of Service)**

Page <u>4</u> of <u>4</u>
*www.courts.ca.gov*


American LegalNet, Inc.
www.FormsWorkFlow.com